The District Judge allowed plaintiff Victor J. Kurzweg $1500 for pain and suffering, after finding that he had remained in the hospital for two weeks. The evidence, showed that he was not completely well when discharged and that even at the time of the trial, he still experienced some difficulty in raising his arm. Under these circumstances, we conclude that the award of $1500 for pain and suffering is adequate, but not excessive.
On the question of loss of income, the record shows that plaintiff received his full salary during the time he was in the hospital. Mr. Kurzweg, who testified that he owned the largest single block of stock in the Consolidated Companies, Inc., said that he remained as president of the company following the accident on July 16, 1946 until the next meeting of the stockholders, which occurred either in September or October, and that at that time he resigned as president in favor of his son and accepted a position as chairman of the board of directors at a salary of $12,500 per year (as compared with a salary of $18,500 a year which he received as president of the company). He frankly testified that, previous to the accident, he had planned to place his son in control of the business at some future date, and upon being incapacitated by the injury, he decided to go ahead with this arrangement. The record shows that he was paid compensation of $54.29, or for a period of less than three weeks. Under these circumstances, we think that an award of $1500, or approximately one month's salary, for loss of income would be equitable.
His medical expenses were $660.30, of which $500 was paid by the compensation carrier, leaving a balance of $160.30.
For the reasons above assigned, and those assigned in, La. App., 38 So.2d 266, the judgment appealed from is amended by reducing same to $3160.30, and as amended, same is affirmed. Costs of appeal to be paid by plaintiff, all other costs to be paid by defendants.