Henry Demby on July 16, 1946, was injured while driving on Oldsmobile sedan owned by his employer, Consolidated Companies, Inc. Alleging that the collision occurred through the negligent operation of a pick-up truck operated by defendant, Edward J. Plischke, owned by defendant Midwest Dairy Products Corporation and insured by defendant Hartford Accident and Indemnity Company, Demby filed suit for $2,836 damages against the three named defendants.
Demby's petition set forth that while proceeding in the direction of Alexandria, Louisiana on the Marksville-Alexandria highway, and after he had safely passed a Dodge sedan (driven by a Mrs. Allen) and returned to his right lane of the highway, a pick-up truck operated by defendant Plischke was approaching from the opposite direction; that this truck left its right lane and drove partly on the right shoulder, then sharply turned left and angularly across the highway into Demby's lane of traffic; that despite the fact that plaintiff turned the Oldsmobile to the right and partly upon the shoulder and despite the prompt application of the brakes for a distance of about ninety feet, the truck ran into the left front of the Oldsmobile, completely demolishing same and injuring plaintiff and the other occupant of the car. The specific acts of negligence charged against Plischke were that he failed to keep a proper lookout; that he failed to reduce his speed; that he negligently drove the truck on to the shoulder of the road and negligently cut back sharply and failed to keep the truck under control.
The three defendants answered, admitting the happening of the collision, but set forth that the collision was caused solely by the negligence of the plaintiff. The defendants specifically charged that plaintiff, while traveling west at a speed of at least seventy miles an hour, suddenly cut out to his left and from behind a cream colored car (the Dodge driven by Mrs. Allen) at a time when defendant Plischke was so near that a head-on collision was inevitable; *Page 267 
that in this emergency Plischke pulled to the right shoulder, losing control of the truck, which veered back on to the paved portion where it was struck by plaintiff's Oldsmobile sedan. In the alternative, in the event the Court should hold defendant Plischke negligent, defendants pleaded that the above acts of the plaintiff constituted contributory negligence and pleaded same as a bar to his recovery.
Victor J. Kurzweg, who was president of the corporation employing Demby and the only passenger in the Oldsmobile, for which plaintiff Demby was chauffeur, filed a separate suit against Plischke, his employer and its insurer.
The American Automobile Insurance Company, as subrogee under its insurance policy covering the Oldsmobile driven by Demby and as compensation carrier for Demby's employer, also filed suit against Plischke, his employer and its insurer.
Edward J. Plischke, driver of the pick-up truck, who was injured in the collision, filed suit for damages against the Consolidated Companies, Inc. (owner of the Oldsmobile), Victor J. Kurzweg, who was in charge of the Oldsmobile at the time of the collision, and the American Automobile Insurance Company, carrier of insurance on the Oldsmobile.
The Midwest Dairy Products Company filed suit against the same defendants asking for judgment for the damage done to the pick-up truck and its contents.
The five suits were consolidated for trial.
The District Court, in a lengthy and well considered written opinion, found that defendant Plischke was guilty of negligence in operating his truck at an excessive speed, and in failing to check this speed and in erroneously assuming that the circumstances required him to drive his truck off the pavement, and in failing to keep his truck under control, and rendered judgment in favor of Demby, the chauffeur of the Oldsmobile, Victor J. Kurzweg, passenger in the Oldsmobile, and the American Automobile Insurance Company, carrier of public liability insurance on the Oldsmobile and of compensation insurance on its passengers, and rejected the demands of Plischke, driver of the pick-up truck, and of Midwest Dairy Products Company, owner of the truck and employer of Plischke.
The five cases were consolidated for argument in this Court for the reason that a decision in each and all of the cases can be reached once it is decided whether the collision was caused through the negligence of the driver of the Oldsmobile sedan in passing the Allen Dodge while in too close proximity to the on-coming Plischke pick-up truck, or whether the collision resulted from the negligence of Plischke in unnecessarily driving his fast moving pick-up truck on to his right shoulder and suddenly veering same into the path of the Oldsmobile after it had successfully passed the Allen Dodge and was traveling in its own lane of traffic.
Plischke, driver of the pick-up truck, testified that he was traveling at forty miles per hour and approaching an elevation, which obstructed his view on the other side of the crest; that he was meeting the Allen Dodge when the Oldsmobile "darted right out at me;" that he yanked his car to the right to avoid a head-on collision and "because I was scared it would turn over," he turned back to the left and the two cars collided. He testified positively that he was "fully on the (his) right side of the road" and that over three-fourths of the approaching Oldsmobile was in the pick-up truck's lane of traffic. He further testified that had he continued in his own lane that "we (the Oldsmobile and the pick-up) would have hit properly head-on in the lane of traffic we were driving in."
Demby, driver of the Oldsmobile, testified that he had passed the Allen Dodge going in the same direction as the Oldsmobile, and noticed the pick-up truck going off the highway on its right side and cutting sharply back on to the highway; that he immediately applied brakes and started pulling off the highway so as to give the pick-up as much room as he possibly could to straighten up, and that the right side of the pick-up truck struck the left front and side of the Oldsmobile car which was, at that time, partly off the pavement on its right side of the highway. *Page 268 
The testimony of Plischke was supported by that of the two ladies on the front seat of the Allen Dodge, who testified that the pick-up was only twenty-five feet in front of their Dodge when the Oldsmobile began passing the Dodge, and by Mr. Franklin, manager of the company which owned the pick-up, who testified that from the position of the debris and broken glass, etc., the accident must have happened "on Plischke's right side of the road."
Demby's description of the accident was substantiated by the testimony of Mr. Kurzweg, one of the parties to the suit, who was the passenger in the Oldsmobile, who said he heard Demby blow his horn prior to passing the Allen Dodge, and, feeling the brakes go on a few minutes later, he looked up and saw the approaching pickup "shimmying or wobbling with two wheels on the shoulder" and saw it cross over to its left side of the road and strike the Oldsmobile between the center of the hood and the left wheel and that the impact of the truck swung the truck around so that its left rear end hit the left rear door of the Oldsmobile, causing the pick-up to turn over on its side.
We are greatly assisted in deciding between the conflicting versions of the accident by the testimony of State Trooper McCollum and of Mr. Albert Laborde, in front of whose home the collision occurred. McCollum arrived soon after the collision, and, immediately after taking Mr. Plischke to the near by Marksville Clinic, he returned and made a detailed on-the-spot investigation. He found plain skid marks showing that Demby, driver of the Oldsmobile, had skidded the brakes thirty-one yards, starting about one foot on its right side of the black line and gradually going to its right shoulder of the road. He found that at the point of impact, the front wheels of the Oldsmobile instead of skidding straight, "had a sharp skid to the right;" that at the point of impact, the left wheels of the Oldsmobile were three feet on the pavement and the right wheels were both on the shoulder of the road. His examination of the automobile verified the testimony of Mr. Kurzweg, as Trooper McCollum found that "the right front of the truck was damaged while hitting the left front of the Oldsmobile."
Trooper McCollum found that the tools and contents of the truck were widely scattered, some of them stopping as far away as 125 feet from the point of impact. He examined the highway west of the collision point and found that the pick-up truck had first left the road and gone on the shoulder at a distance of 200 feet from the point of collision. Trooper McCollum estimated the speed of the pick-up at fifty miles an hour and said that Plischke told him that he was driving forty-five miles an hour at the time he turned on the shoulder and had not slowed down at the time of the impact.
Mr. Albert Laborde was one of the first at the scene of the accident. He testified that from his observations, he believed the collision took place on the Oldsmobile's right side of the road. He assisted in picking up the tools and other contents of the pick-up truck, which were "spread all along at different places."
The evidence as a whole convinces us that Plischke was mistaken in his testimony that any portion of the Oldsmobile was on the pick-up's right side of the road at the time of impact; we find that the Oldsmobile returned to its own side of the road when the pick-up was over 200 feet away and was half way off the highway, on the shoulder, and almost at a standstill when the collision took place.
This Court had occasion to pass on a case in some respects similar to the one now before us, Smith v. Tri-State Transit Company of Louisiana, Inc., et al. The original opinion in this case was reported in La. App., 171 So. 119, and on rehearing in La. App., 175 So. 83, 84.
In that case, plaintiff's car, traveling east, collided with defendant's approaching bus at a point 400 feet east of the crest of a rise in the road. Plaintiff's principal charge against defendant was that the bus driver violated the law in attempting to pass a car on the highway in a short distance of the crest over which the coupe came and that an emergency was thereby created, causing the collision when Mrs. Smith lost control of her car. In the *Page 269 
opinion on rehearing, the Court quoted from plaintiff's brief in which it was charged that when Mrs. Smith came over the crest, the bus was coming towards her at a distance 580 feet away and "to say the least, astride the black medial line of the road and blocking her lane of traffic," and that "this combination of circumstances created an emergency." The Court in its opinion observed, "should this distance be conceded correct, then the bus driver is exonerated from the charge of violating the highway traffic act [then Act No. 21 of 1932, § 3, rule 7(d) and now Act No. 286 of 1938, Section 3, Rule 7(d)], which reads:
" 'The driver of a vehicle shall not overtake and pass another vehicle proceeding in the same direction, approaching the crest of a hill or substantial grade, or upon a curve in the highway or elsewhere, where the view of the driver doing the overtaking or passing is obstructed within a distance of five hundred (500) feet.' "
In the case before us, we believe that the physical facts support the finding of the District Court that the Oldsmobile driver, Demby, at the time he began the passing maneuver around the Allen Dodge was well over 500 feet away from the approaching Plischke pick-up truck. This is based upon the calculation that each vehicle, at the time the passing maneuver was begun, was over 250 feet from the point of final impact.
The pick-up was 200 feet from the point of impact at the time it turned onto the shoulder of the road. Plischke was admittedly traveling at a minimum speed of forty-five miles an hour. Three-fourths of one second is considered the average reaction time (the time elapsing from the first discovery of danger by the driver of an automobile and his application of physical force to the wheel or brake). At forty-five miles an hour, Plischke would have traveled approximately 75 feet after sensing danger and before the turning movement was made effective. Thus Plischke was around 275 feet from the point of impact when he saw the Oldsmobile start around the Dodge.
The Oldsmobile driver had completed the passing maneuver, returned to his own side of the road and applied the brakes while still 91 feet from the impact point. Obviously, it required more than 175 feet for the Oldsmobile to have negotiated the passing maneuver (75 yards or 225 feet was the distance accepted by the Court in the Smith case, supra, as being necessary for the passing maneuver in that case). Allowing a minimum of 55 yards (165 feet) for the Oldsmobile to travel in completing the passing maneuver — after coming in the sight of Plischke — Demby was over 250 feet from the point of impact, and therefore well over the required clear 500 feet from the pick-up, when he began to pass the Allen Dodge.
As often occurs in collision cases, the occupants of the automobiles involved and other eye witnesses are in wide divergence as to the facts and circumstances leading up to the collision. However, after reading the record, we are clearly convinced that our learned brother of the District Court correctly concluded that the Oldsmobile sedan passed the Allen Dodge at a time when there was room to safely conclude the passing maneuver; that the Oldsmobile timely returned to its own side of the highway and its driver kept it under complete control and slowed it down to an almost complete stop with both right wheels off the paved portion of the highway at the time of the accident, and that the collision resulted from the negligence of Plischke, driver of the pick-up truck, when he, without slackening his speed, unnecessarily drove the truck onto the shoulder of the highway, lost control and veered the vehicle back into the highway across the center line of the highway into its own left side, where it struck the Oldsmobile.
Separate decrees will be entered in each of the consolidated cases. We have written this opinion under case No. 7268, entitled Henry Demby v. Edward J. Plischke, et al. Demby sued for $2,836. The District Court allowed a total of $600, which we consider a fair award under the circumstances disclosed by the record.
The judgment in favor of Henry Demby and against Edward J. Plischke, Midwest Dairy Products Corporation and Hartford Accident and Indemnity Company, in solido, is affirmed, with costs. *Page 270